## POND vs. BUTLER.

Where A. and B. have running accounts, A. having done work, for which B. has made payments, B. cannot set off these payments against an action brought by A. for work done after the payments so made by B.

### APPEAL from St. Louis Court of Common Pleas.

TODD, *for Appellant, insists :*

1. The court erred in allowing to be read in evidence the demand in the case of Mann Butler, sen'r,

First, Because it was not *res adjudicata;*

Second, Because it was between different parties;

Third, Because there was no evidence that the credit allowed on the demand in the other suit

*Fond vs. Butler.*

was a part of the set-off claimed in this suit, nor that the claim in the other suit was such as the set-off in this suit was applicable to. The assertion of the attorney is no evidence.

2. The court erred in refusing the first instruction asked for by the defendant. · 7 Cowen, 92.

Because, if a father assents to his minor son's earning wages on his own account, the right of action therefor belongs to the minor alone. 7 Cowen's Rep. 92. Of course then, what he received was a proper set-off. Then, in this case, as the defendant proved that the plaintiff did receive and give his own receipts for the moneys charged in the set-off, and as the plaintiff cannot recover more than he has sued for, if the set-off exceeds that, the defendant is entitled to a verdict for such excess under the statute.

3. The court erred in refusing to give the second instruction asked for by the defendant. See reasons under point 1st.

4. The court erred in giving the instruction it did of its own accord, marked 3rd.

First, Because it assumed the right of action in the father for the wages earned by his son prior to his majority, regardless of the father s evidence to the contrary;

Second, Because there is no evidence (unless the assertion of the plaintiff's attorney be evidence) to show that a portion of the set-off was earned by the plaintiff while a minor, for which the father has given the defendant a credit.

5. The verdict is excessive, because the plaintiff's demand is for only $21 60; and even if the $30 of credit given on the father's demand in his suit, read in evidence, be stricken from the defendant's set-off; $10 still remain, leaving a balance for the plaintiff of only $11 60, being the verdict, less interest, in the justice's court, yet the verdict and judgment are for $19 62.

6. The conduct of the appellee deprives him of all favorable consideration, for he sanctioned the original arrangement by his continuing so long under the same after he became of age without objection, and left contrary to said arrangement when he did, without notice or cause; and thereby, as a servant to appellee, in law, he forfeited all claim upon Pond. Also, such conduct tends to prevent apprenticeships, (and which conduct seems rather common in St. Louis, as appears by the evidence of Mr. McKown,) which public policy ought to encourage.

BATES, *for Appellee, insists :*

1. The court committed no error in allowing Mann Butler, jr. to rebut Pond's set-off by reading the record and papers in the case of M. Butler, sr. vs. Pond, in order to show that the payments claimed in the one suit were allowed in the other.

2. The court committed no error in giving or refusing the instructions excepted to.

3. The policy of our law discourages nice and technical exceptions to proceedings in justices' courts.

SCOTT, J., *delivered the opinion of the Court.*

This was a suit begun in a justice's court for services as a carpenter performed by the appellee, and being afterwards taken to the Court of Common Pleas, the appellee, who was plaintiff, recovered judgment.

It appears that the appellee, a short time before he attained his majority, went to work with the appellant for wages, with an understanding that after he became of full age, he would serve an apprenticeship with him, if they could agree on the terms. The appellee continued to work

with the appellant some time after his majority, and for his labor after full age this suit was brought. The appellant gave evidence of payments made for the services of the appellee, from which it appeared that the payments were mostly made before the services for which this suit was brought, were commenced, and endeavored to apply those payments to the appellee's account. The appellee gave in evidence an account filed in a suit by his father against the appellant for the services rendered by appellee before he was of age, on which account there was a credit for most of the payments claimed by appellant. This evidence was objected to by the appellant. The appellant asked the following instructions, which were refused, and to which he excepted, viz: If the jury believe from the evidence that the plaintiff was, by the assent of his father, entitled to his earnings while in the service of the defendant, the set-off proved by the defendant should be allowed against the claim of the plaintiff in this suit, and the plaintiff in this suit cannot recover more than the amount specified in his suit; and if they find the set-off of the defendant to exceed the claim of the plaintiff in this suit, the defendant is entitled to a verdict for such excess. 2. The papers in the case of Mann Butler, the father, against the defendant, offered in evidence by the plaintiff, the jury should disregard as evidence in the case.

We cannot say that the judgment is for the wrong party. It was a matter of indifference whether the father or son was entitled to the compensation for the services rendered before the appellee was of age, as the date of the payments proved by the appellant showed that they could only have been applied to the amount due for those services. If the appellee, by the consent of his father, was entitled to all his earnings, yet, as from the evidence it appeared that a portion of his services had been paid for, it was not necessary to include them in the account on which suit was brought, and his failure to do so did not confer on the appellant a right to apply the payments thus made to a debt due for a portion of services which had never been satisfied. If there is a running account between individuals, and articles are furnished on one side, and payments made on the other, after the account for articles furnished is nearly balanced by payments, and other articles are supplied, but no payment is made, and an action is brought for the price of the articles for which no payment has been received, not including those which were furnished previously, on what principle would a defendant be allowed to use as a set-off or payment the money paid for the articles previously furnished?

The account in the suit by the father against the appellant was not admissible evidence; but as it went to the proof of a fact sufficiently clear before, and which was established by the defendant himself by the dates of his set-off or payments, it cannot be seen how he was prejudiced by it.

The other Judges concurring, the judgment will be affirmed.